IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TORRANCE BUNCH                                                              PLAINTIFF

v.                                    Case No. 2:13-CV-02034

REX CHRONISTER                                                              DEFENDANT

**O R D E R**

Currently before the Court are the findings and recommendations (Doc. 18) of the Honorable

James R. Marschewski, Chief United States Magistrate for the Western District of Arkansas.  Also

before the Court are Plaintiff's Objections (Doc. 20).  No response to the objections was filed by

Defendant.  The Court has conducted a *de novo* review as to all specified proposed findings and

recommendations to which Plaintiff has raised objections.  28 U.S.C. § 636(b)(1).

On February 13, 2014, the Court referred this matter via text only order to the magistrate for

preliminary adjudication, including consideration of whether the Court could properly exercise

jurisdiction over the matter.  The magistrate promptly entered his report and recommendations,

finding that the Court could not exercise jurisdiction over this matter and recommending that the

case be dismissed.   Plaintiff, Torrance Bunch, objects to the magistrate's findings and

recommendation and argues that the Court can properly exercise ancillary jurisdiction over his fee

dispute with his former criminal defense attorney.

While Bunch's objections are well-written and well-stated, the Court finds that Bunch has

not raised any issue that would require departure from the findings and recommendations of the

magistrate.  While the case law regarding ancillary jurisdiction is not entirely clear or well-defined,

the Court finds that ancillary jurisdiction should not be exercised in this particular case based on the

reasoning set forth by the Magistrate.  Additionally, it appears that this issue of ancillary jurisdiction has already been argued by Bunch before another judge of this Court (Case No. 10-CR-20024-01, "Bunch's criminal case," Doc. 183) in a motion for an order of reimbursement of retainer fee.  The order denying that motion (Bunch's criminal case, Doc. 184) was appealed by Bunch (*Id*. at Doc. 185).  Bunch was denied leave to proceed in forma pauperis on appeal with the order stating, among other things, that the "fee dispute between Defendant and his retained counsel is not an ancillary jurisdictional matter." *Id.* at Doc. 189.  The order denying consideration of the reimbursement issue was summarily affirmed by the Eighth Circuit.  *Id*. at Doc. 192.  A petition for rehearing en banc—in which Bunch raised substantially the same arguments he raises herein—was denied.  (8th Cir. Case No. 12-2358).  It appears, therefore, that apart from the finding that this is not a proper case for the exercise of ancillary jurisdiction—given the particular facts and procedural status of this case—that the instant matter is a collateral attack on an issue that has already been finally decided.

Therefore, the Court, being well and sufficiently advised, finds that the Report and Recommendations (Doc. 18) is proper and should be and hereby is ADOPTED in its entirety.  Therefore, for the reasons stated herein and in the report and recommendations, this matter is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

IT IS SO ORDERED this 14th day of August, 2014.

*/s/ P. K. Holmes,* III

P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE